IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **KEVIN FRYMIER,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **V.** | § | **4:25-CV-442** |
| | § | |
| **AID TO VICTIMS OF DOMESTIC ABUSE (AVDA) AND BARBARA STALDER,** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| **Defendants** | § | |

---

**DEFENDANT AID TO VICTIMS OF DOMESTIC ABUSE'S
ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES**

---

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

**COMES NOW** Defendant Aid to Victims of Domestic Abuse ("AVDA"), Defendant in the above-entitled and numbered cause, and files this Original Answer and Affirmative Defenses and would respectfully show the Court as follows:

**I.**

A.     **Jurisdiction and Venue**

1.     Defendant admits the allegations made in Paragraph 1.

2.     Defendant admits that supplemental jurisdiction exists under 28 U.S.C. § 1367 for related state law claims, but denies that Plaintiff has any basis for any of the state law claims he has asserted.

3.     Defendant admits the allegations made in Paragraph 3.

**B.     Parties**

4.      Defendant is without information to admit or deny that Plaintiff Kevin Frymier is a citizen of the United States and resides in Houston, Texas, and therefore denies same and denies that Plaintiff was directly harmed by the conduct of Defendant.

5.      Defendant admits the allegations made in Paragraph 2.

6.      Defendant admits that Defendant Barbara Stalder is a managing attorney of AVDA and that she is a former judge who previously presided over a case involving Plaintiff, but denies that she was sanctioned for any judicial misconduct for anything that had to do with Plaintiff's case.

**C.     Factual Allegations**

7.      Defendant denies the allegations in Paragraph 1.

8.      Defendant would admit that Plaintiff served Defendant with a conflict of interest form that was modified to include the words "notice" and "retaliation" purporting to inform Defendant of an alleged conflict of interest.  Defendant denies that there was any conflict of interest and denies any allegations of retaliation.  Defendant does not have sufficient information to know if Plaintiff was accompanied by Kyle French or any other witness when he served the conflict of interest form on AVDA and therefore denies same and denies the remaining allegations in Paragraph 2.

9.      Defendant admits that Plaintiff's Complaint includes a copy of an email dated May 25, 2023 purporting to be from Taren Bellows which includes the wording:  "I will inform AVDA Legal of the things that transpired yesterday and hopefully this moves up my legal case," among other substantive communications.  Defendant denies that this email demonstrates AVDA's active role in assisting Bellows and advancing her case, denies knowledge of any conflict of interest, and

denies that its legal department knowingly participated in actions that harmed Plaintiff after the alleged conflict was disclosed or at any time and denies the remaining allegations of Paragraph 3.

10.     Defendant admits that Plaintiff has included a copy of a court transcript from an April 19, 2023 hearing, a copy of a notice of conflict form served on AVDA, and a copy of a May 25, 2023 email from Taren Bellows to Colleen McClure along with his Complaint.  Defendant denies that the court transcript shows AVDA's involvement in any proceedings involving Plaintiff, that AVDA was involved or engaged in any conflicts of interest or any retaliatory behavior, that the May 25, 2023 email implicates AVDA's legal department in any way, and denies the remaining allegations of Paragraph 4.

11.     Defendant denies the allegations in Paragraph 5.

12.     Defendant denies the allegations in Paragraph 6.

**D.     Claims for Relief**

13.     Defendant admits that 42 U.S.C. § 1985(3) prohibits conspiracies to deprive individuals of equal protection under the law.

14.     Defendant denies the allegations in Paragraph 2.

15.     Defendant denies the allegations made in Paragraph 3 and denies that Plaintiff is entitled to any compensatory damages.

16.     Defendant denies the allegations made in Paragraph 4 and denies that Plaintiff is entitled to any punitive damages.

17.     Defendant admits that 42 U.S.C. § 1983 protects against deprivation of constitutional rights under color of state law.

18.     Defendant denies the allegations in Paragraph 6.

19.     Defendant denies the allegations made in Paragraph 7 and denies that Plaintiff is entitled to any compensatory damages.

20.     Defendant denies the allegations in Paragraph 8 and denies that Plaintiff is entitled to any punitive damages.

21.     Defendant admits that 42 U.S.C. § 1983 allows claims for conspiracy to deprive constitutional rights.

22.     Defendant denies the allegations made in Paragraph 10.

23.     Defendant denies the allegations made in Paragraph 11 and denies that Plaintiff is entitled to any compensatory damages or punitive damages.

24.     Defendant admits that the Texas Disciplinary Rules of Professional Conduct, Rule 1.06 prohibits conflicts of interest.

25.     Defendant denies the allegations made in Paragraph 13.

26.     Defendant denies the allegations made in Paragraph 14 and denies that Plaintiff is entitled to any compensatory damages.

27.     Defendant denies the allegations made in Paragraph 15 and denies that Plaintiff is entitled to any punitive damages.

28.     Defendant admits that there are provisions of Texas Common Law that impose fiduciary duties of fairness, impartiality, and confidentiality in certain contexts but denies that Defendant owed Plaintiff any fiduciary duties of fairness, impartiality, and confidentiality.

29.     Defendant denies the allegations made in Paragraph 17.

30.     Defendant denies the allegations made in Paragraph 18 and denies that Plaintiff is entitled to any compensatory damages.

31.     Defendant denies the allegations made in Paragraph 19 and denies that Plaintiff is entitled to any punitive damages.

32.     Defendant admits that there are provisions of Texas Common Law that require organizations to supervise employees to prevent unethical practices but denies that it failed to supervise any employees to prevent them from engaging in any unethical practices and denies that any of its employees engaged in any unethical practices.

33.     Defendant denies the allegations made in Paragraph 21.

34.     Defendant denies the allegations made in Paragraph 22 and denies that Plaintiff is entitled to any compensatory damages.

35.     Defendant denies the allegations made in Paragraph 23 and denies that Plaintiff is entitled to any punitive damages.

**E.      Damages**

36.     Defendant denies the allegations made in Paragraph 24 and denies that Plaintiff is entitled to any compensatory damages for procedural, reputational, and legal harm.

37.     Defendant denies the allegations made in Paragraph 25 and denies that Plaintiff is entitled to any punitive damages.

38.     Defendant denies the allegations made in Paragraph 26.

39.     Defendant denies the allegations made in Paragraph 27.

**F.      Prayer**

As to Plaintiff's prayer, Defendant denies that it is liable to Plaintiff for any of the relief requested or that Plaintiff is entitled to recover any of the relief or damages requested.

## II.

## AFFIRMATIVE DEFENSES

40.    Defendant states that Plaintiff has failed to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  Defendant reserves the right to file a Rule 12(b)(6) motion.

41.    Defendant reserves the right to amend this answer to assert additional defenses as appropriate.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Aid to Victims of Domestic Abuse prays that Plaintiff Kevin Frymier take nothing by reason of this suit; that Defendant recover its costs herein expended; and for such other and further relief, in law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By:    /s/  R. Douglas Rees
      **R. DOUGLAS REES**
      State Bar No.: 16700600
      doug.rees@cooperscully.com

Founders Square
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Facsimile: (214) 712-9540

**ATTORNEY FOR DEFENDANT, AID TO VICTIMS OF DOMESTIC ABUSE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to all known counsel of record via e-file service on this 17th **day of March, 2025**.

Kevin Frymier
17302 Brookhollow Mist Ct.
Houston, Texas 77084
madkevin@yahoo.com

_/s/  R. Douglas Rees_
**R. DOUGLAS REES**