**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **KEVIN FRYMIER** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:25-cv-442** |
| | § | |
| **BARBARA STALDER** | § | |
| | § | |

**DEFENDANT BARBARA STALDER'S MOTION TO DISMISS PLAINTIFF'S**
**COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Defendant Barbara Stalder files this Motion to Dismiss Plaintiff Kevin Frymier's

Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and respectfully shows the Court

as follows:

## I. INTRODUCTION

Plaintiff's lawsuit is an impermissible attempt to convert dissatisfaction with judicial or

quasi-judicial proceedings into federal claims. The causes of action asserted against Defendant

Barbara Stalder — including conspiracy, violation of due process, civil conspiracy, conflict of

interest, breach of fiduciary duty, and negligent supervision — are legally deficient, unsupported

by plausible facts, and barred as a matter of law.

Even when viewed in the light most favorable to Plaintiff, the Complaint fails to state any

claim upon which relief can be granted and should be dismissed in its entirety.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. To survive dismissal, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Legal conclusions, labels, and threadbare recitals of the elements of a cause of action do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. ARGUMENT & AUTHORITIES

### A. Plaintiff Fails to State a Claim for Conspiracy and Civil Conspiracy

To state a claim for civil conspiracy under Texas law, a plaintiff must allege: (1) a combination of two or more persons; (2) an object to be accomplished; (3) a meeting of the minds; (4) one or more unlawful, overt acts; and (5) damages as the proximate result. *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005).

Plaintiff fails to allege facts showing a specific agreement between Defendant and any other person to commit an unlawful act. Mere allegations of coordination or dissatisfaction with Defendant's actions do not establish a "meeting of the minds" or actionable conduct. The conspiracy claims are conclusory and must be dismissed.

### B. Plaintiff Fails to State a Claim for Violation of Due Process

Plaintiff does not plausibly allege that Defendant acted under color of state law or deprived Plaintiff of a constitutionally protected interest without due process. If Plaintiff's claims stem from

dissatisfaction with a court proceeding or related adjudicative conduct, such actions are protected by judicial immunity or quasi-judicial immunity.

Moreover, the Complaint fails to identify any procedural safeguard that was actually denied. The due process allegations are vague and unsupported by facts showing how Defendant individually caused a constitutional deprivation.

**C. Conflict of Interest Is Not a Recognized Independent Cause of Action**

Texas law does not recognize "conflict of interest" as a standalone tort. To the extent Plaintiff is attempting to assert a legal claim under this theory, it should be dismissed with prejudice as non-cognizable. See *Tollett v. City of Kemah*, 285 F.3d 357, 368 n.16 (5th Cir. 2002) (noting that a conflict of interest, without more, is not actionable).

**D. No Viable Claim for Breach of Fiduciary Duty**

Plaintiff fails to allege a fiduciary relationship with Defendant Barbara Stalder. A fiduciary duty does not arise simply because a person is in a professional or decision-making position. Plaintiff does not plead facts establishing either a formal or informal fiduciary relationship recognized under Texas law.

Even assuming such a duty existed, the Complaint does not allege specific conduct by Defendant that would constitute a breach or show any resulting harm.

**E. Negligent Supervision Claim Fails as a Matter of Law**

To sustain a negligent supervision claim, Plaintiff must allege that Defendant had a duty to supervise another person, knew or should have known of the person's incompetence, and failed to take reasonable precautions, resulting in harm. See *Wasson v. Sonoma College*, 4 S.W.3d 559, 566 (Tex. App.—Houston [1st Dist.] 1999).

Plaintiff does not allege facts establishing (1) that Defendant was in a position of supervisory authority over any specific individual, or (2) any act of negligence or injury arising from such supervision. The claim is both conclusory and facially insufficient.

## IV. CONCLUSION

Plaintiff Kevin Frymier's claims are based on vague and conclusory allegations, unsupported by factual detail or viable legal theories. Accordingly, Defendant Barbara Stalder respectfully requests that this Court grant her Motion to Dismiss under Rule 12(b)(6) and dismiss all claims with prejudice.

Respectfully submitted,

/s/ K. James
Katherine M. James
State Bar No. 24091634
Email: kj@katherinejameslaw.com
Service Email: kj@katherinejameslaw.com
THE JAMES LAW FIRM
1095 Evergreen Circle, Suite 537
The Woodlands, TX 77380
(281) 962-8985 – Telephone
(281) 962-5183 – Facsimile

**ATTORNEY FOR DEFENDANT
BARBARA STALDER**

**CERTIFICATE OF SERVICE**

I hereby certify that on 3/31/25 a true and correct copy of the foregoing was served on parties via the Court's CM/ECF system.

/s/ K. James
Katie James