United States Courts
Southern District of Texas
FILED

APR 0 / 2025

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

KEVIN FRYMIER,

     Plaintiff,

v.

_____

AID TO VICTIMS OF DOMESTIC ABUSE (AVDA)

AND BARBARA STALDER,

     Defendants.

CASE NO: 4:25-cv-442

## FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Kevin Frymier, hereby brings this Federal Complaint against Defendants Aid to

Victims of Domestic Abuse (AVDA) and Barbara Stalder, alleging violations of constitutional rights,

conspiracy, and professional duties under federal and state laws, and states as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), as

this action arises under 42 U.S.C. §§ 1983 and 1985(3) for violations of constitutional rights under the

First, Fifth, and Fourteenth Amendments of the United States Constitution.

2. Supplemental jurisdiction exists under 28 U.S.C. § 1367 for related state law claims,

including breach of fiduciary duty, negligent supervision, and violations of the Texas Disciplinary

Rules of Professional Conduct.

3. Venue is proper in this district under 28 U.S.C. § 1391(b), as the events giving rise to the

claims occurred within this district, and the Defendants conduct business in the Southern District of

Texas.

II. PARTIES

1. Plaintiff: Kevin Frymier, a citizen of the United States, resides in Houston, Texas, and was

directly harmed by the conduct of Defendants.

2. Defendant AVDA: Aid to Victims of Domestic Abuse (AVDA) is a nonprofit organization

headquartered in Houston, Texas, providing legal services. AVDA can be served at 1001 Texas Street,

Suite 600, Houston, TX 77002.

3. Defendant Barbara Stalder: Stalder is the Managing Attorney of AVDA. She is a former judge

who presided over Plaintiff's case, during which she was sanctioned for judicial misconduct. She can

be served at the same address as AVDA.

III. FACTUAL ALLEGATIONS

1. On April 19, 2023, during a hearing in Cause No. 2020-12570, Plaintiff's opposing party,

Taren Bellows, explicitly stated in open court, "I am working with AVDA, and they have my

application... that's to do other stuff criminally with him." This statement evidences coordination

between Bellows and AVDA to harm Plaintiff's reputation and legal standing.

DETAILED STATEMENT OF CLAIMS

II. LEGAL BASIS FOR CLAIMS

Plaintiff incorporates by reference all preceding allegations and evidence.

Plaintiff specifically pleads that each claim herein is based retaliatory targeting.

These allegations are not speculative or conclusory—they are factual, supported by documentary evidence, and directly tied to each legal claim. The Complaint clearly satisfies the pleading thresholds of Twombly and Iqbal and identifies:

A. Violation of Due Process – 42 U.S.C. § 1983

Due process was violated through Stalder's and AVDA's coordinated legal support of Bellows, which tainted proceedings after Plaintiff's conflict notice was served. See Mathews v. Eldridge, 424 U.S. 319, 333 (1976) (due process requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner); Bigby v. Dretke, 402 F.3d 551, 559 (5th Cir. 2005) (procedural due process is violated when proceedings are tainted by bias or conflict); Dennis v. Sparks, 449 U.S. 24, 27 (1980) (private parties acting with judges or state officials may be held liable under § 1983).

1. The public statement in court, the formal notices served, and subsequent email show concerted action after explicit warnings—clear elements of 42 U.S.C. § 1985(3). See Griffin v. Breckenridge, 403 U.S. 88, 102 (1971) (§ 1985(3) covers conspiracies to deprive individuals of equal protection or privileges); Hilliard v. Ferguson, 30 F.3d 649, 652–53 (5th Cir. 1994) (conspiracy under § 1985(3) requires specific intent, agreement, and overt acts); Bryant v. Military Dep't of Miss., 597 F.3d 678, 686 (5th Cir. 2010) (concerted actions to deprive constitutional rights may support conspiracy claims).

2. Plaintiff has shown that Stalder used her influence and position within AVDA to act against Plaintiff's

interest. This creates a breach of both formal and informal fiduciary duty. See Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp., 823 S.W.2d 591, 594 (Tex. 1992) (informal fiduciary duty arises when trust and confidence are placed in another); FDIC v. Mijalis, 15 F.3d 1314, 1322 (5th Cir. 1994) (fiduciary duty exists when one party assumes responsibility in another's interest); Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 200 (Tex. 2002) (duty of loyalty and avoidance of conflict applies even post-relationship).

3. AVDA had explicit notice of the conflict and took no steps to correct or investigate. This failure directly enabled further harm and supports a claim of negligent supervision. See Doe v. Yatsko, 946 F.3d 955, 961 (5th Cir. 2020) (negligent supervision exists where a defendant knew or should have known of risks and failed to act); Brown v. Swett & Crawford of Texas, Inc., 178 S.W.3d 373, 383 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (employer may be liable for negligent supervision of attorney); Patino v. Complete Tire, Inc., 158 S.W.3d 655,

660 (Tex. App.—Dallas 2005, pet. denied) (actual or constructive knowledge of misconduct required).

4. Plaintiff's personal, procedural, and reputational damages are real and substantiated by the court transcript, service records, and third-party email communications. See Carey v. Piphus, 435 U.S. 247, 264 (1978) (damages may be awarded for proven violations of procedural due process); Smith v. Wade, 461 U.S. 30, 56 (1983) (punitive damages are available under § 1983 when actions are taken with reckless or callous disregard); Memphis Cmty. Sch. Dist. v. Stachura, 477 U.S. 299, 307 (1986) (damages must compensate for actual injuries resulting from constitutional deprivations).

5. AVDA's name was invoked in open court by Taren Bellows, stating their legal involvement and application—establishing their participation beyond mere reference. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970) (private actors acting jointly with state actors may be liable under § 1983); Lugar v. Edmondson Oil Co., 457 U.S. 922, 942 (1982) (private conduct may constitute state action when the state has so far insinuated itself into a position of interdependence); Briscoe v. LaHue, 460 U.S. 325, 329 (1983) (participants in legal processes can be liable when they contribute to constitutional violations).

6. Plaintiff was entitled to a fair and unbiased legal process. Defendant Stalder, a former judge over Plaintiff's case, actively supported Plaintiff's opposing party through her role at AVDA. This constituted participation under color of law and denied Plaintiff procedural fairness in violation of the Fourteenth Amendment. See Zinermon v. Burch, 494 U.S. 113, 125 (1990) (due process violated when state actors cause deprivation of constitutional rights without procedural safeguards); Bigby v. Dretke, 402 F.3d 551, 559–60 (5th Cir. 2005) (judicial bias or conflict may deprive litigants of a fundamentally fair trial); Richardson v. McKnight, 521 U.S. 399, 413 (1997) (private actors performing state functions may be liable under § 1983).

7. Defendants coordinated their actions after receiving notice of conflict. The continued representation

and communication with Plaintiff's opposing party following explicit warning constituted a conspiracy to deprive Plaintiff of equal protection and fair process. See Griffin v. Breckenridge, 403 U.S. 88, 102 (1971) (a private conspiracy intended to deprive equal protection is actionable under § 1985(3)); Hilliard v. Ferguson, 30 F.3d 649, 653 (5th Cir. 1994) (specific intent and agreement to violate rights must be shown); Bryant v. Military Dep't of Miss., 597 F.3d 678, 686 (5th Cir. 2010) (circumstantial evidence of coordinated conduct can support § 1985(3) conspiracy claims).

8. Defendant Stalder owed fiduciary duties arising from her prior role as a judge and her leadership at AVDA. By engaging in conduct adverse to Plaintiff's rights after being notified of ethical conflicts, she violated duties of impartiality, confidentiality, and integrity. See Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp., 823 S.W.2d 591, 594 (Tex. 1992) (fiduciary duties may be formal or informal based on trust and influence); Johnson v.

Brewer & Pritchard, P.C., 73 S.W.3d 193, 200 (Tex. 2002) (fiduciary duties arise in relationships involving trust, particularly with legal professionals); State Bar of Tex. v.Kilpatrick, 874 S.W.2d 656, 659 (Tex. 1994) (ethical violations by attorneys involving conflicts can support tort liability).

9. AVDA had knowledge of Plaintiff's formal conflict and retaliation notices and failed to take action. The failure to intervene or evaluate the conduct of its managing attorney represents a breach of the duty to supervise legal staff and ensure ethical compliance. See Doe v. Yatsko, 946 F.3d 955, 961 (5th Cir. 2020) (negligent supervision exists when failure to monitor or act leads to harm); Brown v. Swett & Crawford of Texas, Inc., 178 S.W.3d 373, 383 (Tex. App.—Houston [1st Dist.] 2005) (Texas recognizes negligent supervision claims where employer knew or should have known of risk); Scarbrough v. City of Garland, 396 F. Supp. 3d 572, 582 (N.D. Tex. 2019) (failure to address known risks of harm by leadership can support liability).

10. AVDA and Stalder's refusal to respond or mitigate ethical conflicts raised by Plaintiff supports the inference of retaliatory intent and provides further evidence of the underlying constitutional and tortious misconduct. See Hartman v. Moore, 547 U.S. 250, 256 (2006) (retaliation requires showing that constitutionally protected conduct was a motivating factor for adverse action); Colson v. Grohman, 174 F.3d 498, 508 (5th Cir. 1999) (plaintiff may prove retaliation by circumstantial evidence showing motive and timing); Ferguson v. Mississippi State Dep't of Health, 2021 WL 1081058, at *6 (S.D. Miss. Mar. 18, 2021) (retaliation claim plausible based on sequence of adverse events after protected speech).

11. Plaintiff seeks $155,000 in compensatory damages for procedural harm, reputational loss, and emotional distress resulting from Defendants' coordinated actions. See Carey v. Piphus, 435 U.S. 247, 264 (1978) (damages may be awarded for proven violations of constitutional rights); Memphis Cmty. Sch. Dist. v. Stachura, 477 U.S. 299, 307 (1986) (compensatory damages must reflect actual injury, including emotional and reputational harm); Gertz v. Robert Welch, Inc., 418 U.S. 323, 350 (1974)

(reputation and emotional damages may be substantial in cases involving constitutional violations).

12. Plaintiff also seeks $555,000 in punitive damages to deter similar future misconduct and to punish willful and knowing ethical violations. See Smith v. Wade, 461 U.S. 30, 56 (1983) (punitive damages are available in § 1983 actions when conduct is reckless or callously indifferent to rights); Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 536 (1999) (punitive damages serve to deter and punish egregious violations); Salinas v. Hansen, 2022 WL 815464, at *4 (5th Cir. Mar. 17, 2022) (punitive damages justified when defendant's conduct shocks the conscience).

13. Plaintiff seeks recovery of attorneys' fees and costs under 42 U.S.C. § 1988. See 42 U.S.C. § 1988(b) (prevailing parties in civil rights actions are entitled to reasonable attorneys' fees); Fox v. Vice, 563 U.S. 826, 832–33 (2011) (fee awards available even when plaintiff

does not prevail on every claim); Hensley v. Eckerhart, 461 U.S. 424, 435 (1983) (reasonable fees based on success and complexity of case).

14. Plaintiff requests prejudgment and post-judgment interest as allowed by law. See 28 U.S.C. § 1961(a) (post-judgment interest awarded on civil judgments); Hale v. Fish, 899 F.2d 390, 403 (5th Cir. 1990) (prejudgment interest may be awarded under federal or state law in civil rights cases); Reed v. Int'l Union of United Auto., Aerospace & Agric. Implement Workers, 945 F.2d 198, 203 (7th Cir. 1991) (interest helps fully compensate prevailing civil rights plaintiff).

B. Civil Conspiracy – 42 U.S.C. § 1985(3)

Plaintiff alleges a conspiracy between AVDA and Barbara Stalder to retaliate against him and interfere with his rights. This is not speculative—it is confirmed by documented actions and communications.

After being served on April 19, 2023 with formal notices of conflict and retaliation, AVDA made no effort to investigate or recuse. Instead, Taren Bellows later sent a May 25, 2023 email stating: "I will inform

AVDA Legal of the things that transpired yesterday and hopefully this moves up my legal case." This demonstrates an agreed objective and overt acts coordinated after explicit notice of conflict.

Stalder, a former judge over Plaintiff's case, was in a position of leadership at AVDA and did not disclose or isolate herself from Bellows' representation. Her supervisory role makes her conduct attributable to AVDA, and to the extent that she continued to manage or influence AVDA's legal team without recusal, she participated in the conspiracy.

Stalder's motion to dismiss falsely argues there is no "meeting of the minds." But conspiracy may be proven by circumstantial evidence. As the Fifth Circuit held in Hilliard v. Ferguson, 30 F.3d 649, 652

(5th Cir. 1994), a § 1985(3) conspiracy exists when there is an agreement, even tacit, followed by overt acts to deprive a person of equal protection. See Griffin v. Breckenridge, 403 U.S. 88 (1971); Hilliard v. Ferguson, 30 F.3d 649 (5th Cir. 1994);Bryant v. Military Dep't of Miss., 597 F.3d 678 (5th Cir. 2010).

C. Breach of Fiduciary Duty

Stalder argues there was no fiduciary duty owed to Plaintiff. But Texas law recognizes both formal and informal fiduciary duties, particularly where a former judge retains influence over legal processes involving a party they once presided over. As a managing attorney of a legal aid organization that took on the opponent of her former litigant, Stalder owed duties of confidentiality, impartiality, and non-retaliation.

AVDA attempts to distance itself by denying knowledge of any misconduct. But as Stalder's employer,

AVDA had a duty to supervise, investigate, and resolve known conflicts. After being formally notified of her prior judicial role and the conflict it created, it failed to act. This breach directly harmed Plaintiff's legal standing and procedural fairness.

See Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp., 823 S.W.2d 591 (Tex. 1992); Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193 (Tex. 2002); Texas Code of Judicial Conduct, Canons 2B, 3E(1).

D. Negligent Supervision

Plaintiff's negligent supervision claim is not based on abstract duties but specific failures. AVDA received formal written notice of the conflict with Stalder and took no corrective action. Stalder remained in a position of influence while AVDA continued to aid Plaintiff's adversary. These facts show that AVDA failed to supervise its managing attorney in a high-risk, ethically charged situation. In her motion to dismiss, Stalder claims no supervisory role, but as managing attorney she exercised authority over AVDA's legal services. Her failure to withdraw or initiate recusal after conflict notice supports both direct and vicarious liability.

See Doe v. Yatsko, 946 F.3d 955 (5th Cir. 2020); Brown v. Swett & Crawford of Texas, Inc., 178 S.W.3d 373 (Tex. App.—Houston [1st Dist.] 2005); Wasson v. Sonoma College, 4 S.W.3d 559 (Tex. App.—Houston [1st Dist.] 1999).

E. Ethical Conflict and Retaliation

Defendants' conduct—especially after formal conflict notice—shows retaliatory intent. Stalder had personal knowledge of Frymier's case from her judicial role and later exercised influence within AVDA to support his legal adversary. Her inaction was not neutral—it was a calculated decision not to withdraw.

AVDA's continued representation of Bellows, in full knowledge of the ethical risk and Plaintiff's formal notices, supports an inference of retaliatory collaboration. The Bellows email and court transcript statements corroborate this. Their defenses fail under Hartman v. Moore, which makes clear that causation in retaliation cases can be inferred from timing and knowledge.

See Hartman v. Moore, 547 U.S. 250 (2006); Colson v. Grohman, 174 F.3d 498 (5th Cir. 1999); Ferguson v. Mississippi State Dep't of Health, 2021 WL 1081058 (S.D. Miss. Mar. 18, 2021).

III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Enter judgment in favor of Plaintiff on all claims;

b. Award compensatory damages in the amount of $155,000;

c. Award punitive damages in the amount of $555,000;

d. Award costs and attorneys' fees under 42 U.S.C. § 1988;

e. Award pre- and post-judgment interest as allowed by law;

f. Grant such further relief as this Court deems just and proper.

Respectfully submitted,

Kevin Frymier

17302 Brookhollow Mist Ct

Houston, TX 77084

madkevin@yahoo.com | 281-797-8437

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served on all parties

in accordance with Rule 5 of the Federal Rules of Civil Procedure on the date of filing,

via the Court's electronic filing system or EMAIL where applicable.

Dated: April 7, 2025

Respectfully submitted,

Kevin Frymier

17302 Brookhollow Mist Ct

Houston, TX 77084

madkevin@yahoo.com | 281-797-8437

From: **Colleen McClure** colleen.mcclure@att.net
Subject: **Fw: Court**
Date: **May 25, 2023 at 10:26:17 AM**
To: **Kevin Frymier** madkevin@yahoo.com

## *Colleen M. McClure*
## Attorney at Law
## Advanced Mediator

**6046 FM 2920 , #425**
**Spring, Texas 77379**
**Phone (281) 440-1625**
**Fax (281) 946-5627**
*https://www.colleen-m-mcclure-attorney.net/*

**Mark 11:22 "Have Faith of God"**

**PLEASE NOTE: EMAILS WILL BE RESPONDED TO WITHIN 48 BUSINESS HOURS**

**CONFIDENTIALITY NOTE**

This e-mail and any attachments contain information from sender which may be confidential and/ or legally privileged. This message and any attachments are intended for the individual or entity named above. If you are not the intended recipient, you are hereby notified that any unauthorized disclosure, copying, distribution or taking of any action in reliance on the contents of these materials is strictly prohibited and review by any individual other than the intended recipient shall not constitute waiver of the attorney client privilege for any of the attorney clients of Colleen McClure. If you are not the intended recipient, please do not read, copy, use or disclose this communication to others; also please notify the sender by replying to this message, and then delete it from your system. Dissemination, distribution, or copying of this communication, in whole or in part, by any unintended or unauthorized recipient is prohibited and may subject you to liability under 18 U.S.C. sec. 2511.

----- Forwarded Message -----
**From:** Taren Bellows <tarenbellows@yahoo.com>
**To:** Colleen McClure <colleen.mcclure@att.net>
**Sent:** Thursday, May 25, 2023 at 10:20:24 AM CDT
**Subject:** Court

Good Morning,

I left court yesterday repulsed, more importantly I felt abused and bullied. I have never seen nor experienced such foolery in a courthouse, not even on t.v. I am flabbergasted and ashamed that this was allowed. I will never speak to your client without legal representation or someone to help protect me when things get unprofessional. I don't owe any explanation on the past and why I left, which after yesterdays antics that was just a slight glimpse of the 11 years I endured.

You having to beg and plead to your client to stop and be quiet, came off as a mother and son relationship, not at all professional. I am livid this was allowed and not prevented. I was threatend by him several times, you couldn't even control him, my God, I haven't had to deal with this in three years and it has made me physically ill literally and to know the peace I worked so hard at creating was tainted. In two hours I was emotionally exhausted and drained, having a migraine and not able to enjoy my family. I can only imagine and sympathize on what Matthew goes through for 4 hours. This is not ok. You could have spoken to me on his behalf without him present.

Mental health is something I don't play around with and it should be taken seriously. I don't live in the past, I try to move forward in a postive way, I felt like I was defending why I left and that was not what I was there for. Your client laughed and taunted me while threatening me all because he could. I even felt for you. I don't understand how this was allowed or okay. I will make sure this never happens again.

Also, I am a happily married woman who respects her husband. Your client needs to only contact me during business hours 8 to 5pm on the app, After 9pm is not respecting my boundaries or marriage. This app will NOT be used for him to use Matthew as an excuse to message me all hours of the day.

I will inform AVDA legal of the things that transpired yesterday and hopefully this moves up my legal case.

Please send me your payment information so I can pay you $50 each month when your client sends child support. I have venmo, zelle, or I will send money order whatever is easier for you.

Taren Litten
Sent from Yahoo Mail on Android

Exhibit

Conflict of Interest *Notice,* *A Resolution* ~~Disclosure~~ Form

**Note:** A potential or actual conflict of interest exists when commitments and obligations are likely to be compromised by the nominator(s)'other material interests, or relationships (especially economic), particularly if those interests or commitments are not disclosed

This Conflict of Interest Form should indicate whether the nominator(s) has an economic interest in, or acts as an officer or a director of, any outside entity whose financial interests would reasonably appear to be affected by the addition of the nominated condition to the newborn screening panel. The nominator(s) should also disclose any personal, business, or volunteer affiliations that may give rise to a real or apparent conflict of interest. Relevant Federally and organizationally established regulations and guidelines in financial conflicts must be abided by. Individuals with a conflict of interest should refrain from nominating a condition for screening.

Date:

Name: (AVDA) Aid to victims of Domestic Abuse.
Position: 1001 Texas Ave #600, Houston, +x 77002

Please describe below any relationships, transactions, positions you hold (volunteer or otherwise), or circumstances that you believe could contribute to a conflict of interest:

☐ I have no conflict of interest to report.

☒ I have the following conflict of interest to report (please specify other nonprofit and for-profit boards you (and your spouse) sit on, any for-profit businesses for which you or an immediate family member are an officer or director, or a majority shareholder, and the name of your employer and any businesses you or a family member own:

1. AVDA Employs Barbara Rice Stalder who presided over my case and received a Texas State Commission sanction on my behalf for a false protective order after I filed a greiveance. Therefore, any action by AVDA in my case is considered a conflict of interest and/or retaliation

3. _____

I hereby certify that the information set forth above is true and complete to the best of my knowledge.

Signature: _____ Kevin Frymier

Date: 4-19-23

# State Commission on Judicial Conduct



**Officers**

**Members**

Executive Director

PERSONAL AND CONFIDENTIAL

Kevin Frymier
17302 Brookhollow Mist Ct.
Houston, Texas 77084

      Re:   CJC No. 22-0757

Dear Mr. Frymier:

      The State Commission on Judicial Conduct considered your complaint during a regularly scheduled meeting. After a thorough... Investigation of the issues you raised in your complaint, the Commission... issued a... against a private sanction, the details of which we are not authorized to disclose under Sections 33.032 and 33.033 of the Texas Government Code.

      As you have previously been advised, our proceedings are confidential. Therefore, we are **prohibited** by Section 33.033(c) of the Texas Government Code from identifying by name the **judge against whom** you complained and against whom the appropriate action was taken.

      **We sincerely** appreciate your concerns, and we thank you for your participation in this **process.** Your involvement has made a difference. Please continue to assist us in our efforts to **maintain the high standards** of the Texas judiciary by honoring the rules of confidentiality that **govern these proceedings.**

                                Sincerely,



REPORTER'S RECORD

VOLUME 1 OF 1 VOLUMES

CAUSE NO. 2022-12570


IN THE INTEREST OF          )  IN THE DISTRICT COURT OF
                            )
MATTHEW JACE FRYMIER,       )  507TH JUDICIAL DISTRICT
                            )
A CHILD                     )  HARRIS COUNTY, TEXAS


_____

**REPORTER'S RECORD**

_____


On the 19th day of April, 2023, the following proceedings came on to be held in the above-titled and numbered cause before the Honorable Enrique Torres, Associate Judge Presiding, held in Houston, Harris County, Texas.

Proceedings reported by computerized stenotype machine.

**APPEARANCES**

Ms. Colleen M. McClure
Attorney at Law
6046 FM 2920, No. 425
Spring, Texas 78665
Telephone: 281-440-1625
Counsel for Petitioner Kevin Frymier

Also present:

Kevin T. Frymier, Movant
Taren Bellows, Non-Movant, Pro Se

(P R O C E E D I N G S)

THE COURT: Court calls Cause Number 2020-12570, *Office of the Attorney General versus Frymier*. Attorneys before the Bench, please state your name and who you represent.

MS. McCLURE: Colleen McClure on behalf of the Petitioner Kevin Frymier.

THE COURT: Ma'am, please stand. And, sir, please stand and raise your -- well, actually, you're not going to testify. So you can have a seat. Raise your right hand to be sworn.

(Oath Administered)

MS. BELLOWS: Yes, I do.

THE COURT: All right. Ma'am, you're being sworn to reappear on May 24th, 2023 at 9:00 a.m. to this Court in person, "this Court" being located at 201 Caroline, Houston, Texas 77002, 507th District Court on the 15th Floor. Your failure to appear on May 24th, 2023, at 9:00 a.m., will result in a capias being issued for your arrest. Do you understand?

MS. BELLOWS: I do.

THE COURT: This is the only notice you're going to receive from anybody regarding this appearance. Okay?

MS. BELLOWS: Uh-huh.

THE COURT: So if there's nothing more --

MS. BELLOWS: I'm also -- sorry. I'm also working with AVDA and they have my application. She did tell me it takes four to six weeks for an attorney. That's to do other stuff criminally with him; but I do -- I don't know if she -- if she can't get us -- if I can't get service with AVDA -- I'm really not worried about the case, like, you know -- do I have to resubmit the answer that's proof or do I just come --

THE COURT: Just -- that has nothing to do with you being sworn to reappear. That's something --

MS. BELLOWS: Okay.

THE COURT: I'm sorry. And just for the record, please state your full name for the record.

MS. BELLOWS: Taren Skyler Bellows.

THE COURT: All right, Ms. Bellows. Thank you very much. Off the record.

(Proceedings adjourned)

STATE OF TEXAS
COUNTY OF HARRIS

REPORTER'S CERTIFICATE

I, Debra Overstreet, Deputy Official Court Reporter in and for the 507th District Court of Harris County, state of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel, for the parties to be included in this volume of the Reporter's Record in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted, tendered in an offer of proof or offered into evidence.

WITNESS MY OFFICIAL HAND on this 15th day of November, 2024.

_/s/Debra Overstreet_

Debra Overstreet, CSR
Texas CSR 6398
Deputy Official Court Reporter
507th District Court
Harris County, Texas
201 Caroline Street, Suite 1760
Houston, Texas 77002
Telephone: (713)542-8609
Certification expires: 4-30-2025