**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF TEXAS**

**HOUSTON DIVISION**

United States Courts
Southern District of Texas
FILED

APR 1 4 2025

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| KEVIN FRYMIER, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-00442 |
| | § | |
| AID TO VICTIMS OF DOMESTIC | § | |
| ABUSE (AVDA) and BARBARA | § | |
| STALDER, | § | |
| Defendants. | § | |

## PLAINTIFF'S OPPOSED RESPONSE IN OPPOSITION TO DEFENDANT BARBARA STALDER'S MOTION TO DISMISS UNDER RULE 12(b)(6)

### TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Kevin Frymier files this Opposed Response to Defendant Barbara Stalder's Motion to Dismiss (ECF No. 10), and respectfully shows the Court as follows:

### I. INTRODUCTION

Barbara Stalder, a former judge who presided over Plaintiff's case and was sanctioned for judicial misconduct, now serves as Managing Attorney at AVDA. Plaintiff's First Amended Complaint alleges that, in this non-judicial role, Stalder coordinated with Plaintiff's opposing party despite receiving formal conflict of interest and retaliation notices. Her conduct was administrative, post-judicial, and occurred outside the courtroom—placing it beyond the reach of judicial immunity and within the scope of liability under 42 U.S.C. §§ 1983 and 1985(3), Texas fiduciary law, and related doctrines.

## II. STANDARD OF REVIEW

Under Rule 12(b)(6), dismissal is only appropriate if a complaint fails to state a claim that is plausible on its face. See Twombly, 550 U.S. 544, 570 (2007); Iqbal, 556 U.S. 662, 678 (2009). Courts must accept all well-pleaded facts as true and construe them in the light most favorable to the plaintiff.

## III. ARGUMENTS AND AUTHORITIES

A. Judicial Immunity Does Not Apply to Stalder's Conduct

Stalder's motion wrongly assumes she is immune from suit. However, judicial immunity only protects judicial acts performed in the judge's judicial capacity. See Forrester v. White, 484 U.S. 219, 229 (1988). Stalder's actions as AVDA's managing attorney—including supervising staff and engaging in litigation strategy—were nonjudicial and administrative. See also Mireles v. Waco, 502 U.S. 9, 12 (1991).

B. Plaintiff Plausibly States a Claim for Due Process Violation

Plaintiff alleges Stalder acted under color of law and violated his due process rights by coordinating with his legal opponent after formal notice of conflict. This satisfies the pleading standard for a § 1983 due process claim. See Doe v. Rains Cnty. Indep. Sch. Dist., 66 F.4th 279, 284 (5th Cir. 2023).

C. Civil Conspiracy Claim Is Well Pled

Plaintiff alleged: formal conflict notices were served; AVDA's involvement was acknowledged in open court; and Bellows emailed AVDA to 'move up [her] legal case.' These facts support a meeting of the minds, overt acts, and resulting harm. See Hilliard v. Ferguson, 30 F.3d 649, 652–53 (5th Cir. 1994).

D. Conflict of Interest and Fiduciary Duty Claims Are Legally Recognized

While 'conflict of interest' may not be a standalone tort, Plaintiff asserts it in support of due process, fiduciary breach, and retaliation. Texas law recognizes formal and informal fiduciary duties. See Flanary v. Mills, 150 S.W.3d 785 (Tex. App.—Austin 2004).

E. Negligent Supervision Was Plausibly Alleged

Stalder and AVDA failed to act after receiving conflict and retaliation notices. This supports a claim under Texas law. See Wasson v. Sonoma Coll., 4 S.W.3d 559 (Tex. App.—Houston [1st Dist.] 1999).

## IV. CONCLUSION

Plaintiff has pled detailed, fact-supported claims. Stalder acted in a private legal capacity after her judgeship and cannot cloak herself in judicial immunity. Stalder's motion should be denied in its

entirety.

Respectfully submitted,

Kevin Frymier

17302 Brookhollow Mist Ct

Houston, TX 77084

madkevin@yahoo.com

(281) 797-8437

Pro Se Plaintiff

4-14-25

CERTIFICATE OF SERVICE

I certify that on April 14, 2025, a true and correct copy of the foregoing Response in Opposition to Defendant Barbara Stalder's Motion to Dismiss was served via the Court's CM/ECF system on all and email, registered parties including counsel for Defendant Barbara Stalder:

Kevin Frymier

4-14-25