IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **KEVIN FRYMIER,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 4:25-cv-442** |
| | § | |
| **AID TO VICTIMS OF DOMESTIC** | § | |
| **ABUSE (AVDA) AND BARBARA** | § | |
| **STALDER** | § | |
| | § | |
| **Defendants,** | § | |

---

### DEFENDANT AVDA'S RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**COMES NOW**, Defendant Aid to Victims of Domestic Abuse (hereinafter "AVDA"), a defendant in the above-entitled and numbered cause, and files this Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint and, in support of the same, would respectfully show the Court as follows:

### I.    INTRODUCTION

1. This lawsuit involves alleged federal statutory claims and state law claims against Defendant AVDA arising out of AVDA's alleged representation of Taren Bellows in "Cause No. 2020-12570." Dkt. 11.

2. Specifically, Plaintiff asserts claims under 42 U.S.C. § 1983 Civil Action for Deprivation of Rights, 42 U.S.C. 1985(3) Conspiracy to Interfere with Civil Rights, Breach of Fiduciary Duty, Negligent Supervision, and Ethical Conflict and Retaliation. Dkt. 11.

3.       As demonstrated below, all of Plaintiff's federal claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff fails to state a cognizable cause of action.  Consequently, Plaintiff's alleged state law claims must be dismissed for lack of federal jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and controlling Fifth Circuit precedent.

## II.       PROCEDURAL BACKGROUND

4.       On February 5, 2025, Plaintiff filed his Original Complaint. Dkt. 1.

5.       On March 17, 2025, AVDA filed its Original Answer and Affirmative Defenses, alleging Plaintiff failed to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt.8.

6.       On March 31, 2025, Defendant Barbara Stalder filed her Motion to Dismiss Plaintiff's Complaint Under Federal Rule of Civil Procedure 12(b)(6). Dkt. 10.

7.       On April 7, 2025, Plaintiff filed his First Amended Complaint against all Defendants. Dkt. 11.  Plaintiff's First Amended Complaint did not adopt, refer to, or incorporate by reference his Original Complaint.  Accordingly, Plaintiff's Original Complaint is rendered of no legal effect. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

## III.       FACTUAL BACKGROUND

8.       Since Plaintiff's Original Complaint was rendered of no legal effect, the parties are constrained to the facts alleged in Plaintiff's First Amended Complaint. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

9.       Plaintiff's First Amended Complaint contains a single factual allegation to support his claims. *See* Dkt. 11.  Plaintiff alleges that during a hearing, his opposing party, Taren Bellows, stated that she was working with AVDA. Dkt. at pg. 3-4.  Plaintiff's conclusory allegation asserts this statement demonstrates coordination between AVDA and Bellows to harm Plaintiff. *Id*. at pg. 4.

**DEFENDANT AVDA'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**                                      Page 2
1085943v.1