United States Courts
Southern District of Texas
F I L E D

APR 1 8 2025

Nathan Ochsner, Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

KEVIN FRYMIER,
Plaintiff,

v. Civil Action No. 4:25-cv-00442

AID TO VICTIMS OF DOMESTIC ABUSE (AVDA) and BARBARA STALDER,
Defendants.

**PLAINTIFF'S OPPOSED RESPONSE IN OPPOSITION TO DEFENDANT AVDA'S MOTION TO DISMISS UNDER RULE 12(b)(6)**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Kevin Frymier respectfully files this Response in Opposition to Defendant Aid to Victims of Domestic Abuse's ("AVDA") Motion to Dismiss (ECF No. 16), and in support would show as follows:

## I. INTRODUCTION

AVDA's Rule 12(b)(6) Motion misstates Plaintiff's allegations, ignores applicable legal standards, and omits material facts pled in Plaintiff's First Amended Complaint. AVDA's Motion erroneously claims the lawsuit rests on "a single conclusory allegation," when in fact the Amended Complaint sets forth a detailed sequence of events supported by documentary evidence, witness testimony, and case law demonstrating AVDA's misconduct and liability under federal and state law.

Plaintiff's claims are well-pled and plausible on their face under *Twombly* and *Iqbal*. Accordingly, AVDA's Motion must be denied in its entirety.

## II. LEGAL STANDARD

Dismissal under Rule 12(b)(6) is appropriate only when a complaint fails to plead sufficient factual content to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff.

## III. ARGUMENT AND AUTHORITIES

### A. AVDA Is Not Entitled to Dismissal of Plaintiff's §1983 and §1985(3) Claims

AVDA acted under color of state law and in conspiracy with Defendant Barbara Stalder, a former judge and current AVDA Managing Attorney, to retaliate against Plaintiff for engaging in protected activity.

1. **State Action Exists Under Joint Participation Doctrine**
   AVDA's legal services were coordinated through a former state judge who previously presided over Plaintiff's case. Stalder was sanctioned for judicial misconduct and then took adverse actions against Plaintiff while in a leadership role at AVDA. These facts support liability under *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 942 (1982); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970).
2. **Conspiracy to Interfere with Civil Rights Is Well-Pled**
   Plaintiff alleged explicit conflict and retaliation notices were served on AVDA, followed by continued adverse actions, including AVDA's legal coordination with Bellows after being warned. This supports a conspiracy claim under *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *Hilliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994); *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010).

## B. Plaintiff Adequately States a §1983 Claim for Violation of Due Process

Plaintiff alleges a deprivation of due process through AVDA's ongoing legal assistance to Bellows despite knowing of the conflict. These acts occurred after Plaintiff served AVDA with notice and despite AVDA's duty to remain neutral.

*Dennis v. Sparks*, 449 U.S. 24, 27 (1980), supports Plaintiff's claim, as private actors may be liable under §1983 when jointly engaged with state officials in conduct that deprives constitutional rights.

## C. Plaintiff's State Law Claims Are Properly Pled and Within Supplemental Jurisdiction

AVDA's motion fails to show how the state claims—**breach of fiduciary duty**, **negligent supervision**, and **ethical conflict/retaliation**—are deficient.

1. **Breach of Fiduciary Duty**
   Plaintiff pled that Stalder's dual roles (as prior judge and AVDA legal director) created a fiduciary obligation not to harm Plaintiff's interest. AVDA is vicariously liable under *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193 (Tex. 2002); *Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp.*, 823 S.W.2d 591 (Tex. 1992).
2. **Negligent Supervision**
   AVDA received formal notice of conflict and retaliation and failed to investigate or isolate Stalder. Liability exists under *Doe v. Yatsko*, 946 F.3d 955, 961 (5th Cir. 2020); *Wasson v. Sonoma Coll.*, 4 S.W.3d 559 (Tex. App.—Houston [1st Dist.] 1999).
3. **Retaliation and Conflict of Interest**
   These were pled not as standalone claims but as factual bases for constitutional

violations. The Texas Disciplinary Rules of Professional Conduct, Rule 1.06, establish applicable duties. See *State Bar of Tex. v. Kilpatrick*, 874 S.W.2d 656 (Tex. 1994).

## IV. PLAINTIFF'S COMPLAINT IS FACTUALLY DETAILED AND SUPPORTED

Plaintiff's Amended Complaint includes:

- AVDA being named in open court by Bellows;
- Service of two formal documents by Plaintiff with a third-party witness;
- Bellows' email indicating AVDA's legal department was helping her case post-conflict;
- Judicial misconduct history of Defendant Stalder;
- Legal authority establishing joint action and liability under §1983 and §1985(3).

AVDA's motion ignores these facts and wrongly characterizes the pleading as conclusory.

## V. CONCLUSION

Plaintiff has pled plausible and factually supported claims under federal and state law. AVDA's motion attempts to sidestep liability by oversimplifying the allegations and ignoring well-established legal standards. Therefore, Defendant AVDA's Motion to Dismiss should be **denied in full.**

**Respectfully submitted,**

**Kevin Frymier**
17302 Brookhollow Mist Ct
Houston, TX 77084
madkevin@yahoo.com
(281) 797-8437
*Pro Se Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on April 18, 2025, a true and correct copy of the foregoing Response was served via CM/ECF / EMAIL on all counsel of record.

**Kevin Frymier**
**/s/ Kevin Frymier**
Pro Se Plaintiff

4-18-2025