IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **KEVIN FRYMIER,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 4:25-cv-442** |
| | § | |
| **AID TO VICTIMS OF DOMESTIC** | § | |
| **ABUSE (AVDA) AND BARBARA** | § | |
| **STALDER** | § | |
| | § | |
| **Defendants,** | § | |

---

**DEFENDANT AVDA'S RULE 12(b)(6) MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**COMES NOW**, Defendant Aid to Victims of Domestic Abuse (hereinafter "AVDA"), a

defendant in the above-entitled and numbered cause, and files this Rule 12(b)(6) Motion to Dismiss

Plaintiff's First Amended Complaint and, in support of the same, would respectfully show the

Court as follows:

### I.    INTRODUCTION

1.      This lawsuit involves alleged federal statutory claims and state law claims against

Defendant AVDA arising out of AVDA's alleged representation of Taren Bellows in "Cause No.

2020-12570." Dkt. 11.

2.      Specifically, Plaintiff asserts claims under 42 U.S.C. § 1983 Civil Action for

Deprivation of Rights, 42 U.S.C. 1985(3) Conspiracy to Interfere with Civil Rights, Breach of

Fiduciary Duty, Negligent Supervision, and Ethical Conflict and Retaliation. Dkt. 11.

3. As demonstrated below, all of Plaintiff's federal claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff fails to state a cognizable cause of action. Consequently, Plaintiff's alleged state law claims must be dismissed for lack of federal jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and controlling Fifth Circuit precedent.

## II.    PROCEDURAL BACKGROUND

4. On February 5, 2025, Plaintiff filed his Original Complaint. Dkt. 1.

5. On March 17, 2025, AVDA filed its Original Answer and Affirmative Defenses, alleging Plaintiff failed to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt.8.

6. On March 31, 2025, Defendant Barbara Stalder filed her Motion to Dismiss Plaintiff's Complaint Under Federal Rule of Civil Procedure 12(b)(6). Dkt. 10.

7. On April 7, 2025, Plaintiff filed his First Amended Complaint against all Defendants. Dkt. 11. Plaintiff's First Amended Complaint did not adopt, refer to, or incorporate by reference his Original Complaint. Accordingly, Plaintiff's Original Complaint is rendered of no legal effect. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

## III.    FACTUAL BACKGROUND

8. Since Plaintiff's Original Complaint was rendered of no legal effect, the parties are constrained to the facts alleged in Plaintiff's First Amended Complaint. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

9. Plaintiff's First Amended Complaint contains a single factual allegation to support his claims. *See* Dkt. 11. Plaintiff alleges that during a hearing, his opposing party, Taren Bellows, stated that she was working with AVDA. Dkt. at pg. 3-4. Plaintiff's conclusory allegation asserts this statement demonstrates coordination between AVDA and Bellows to harm Plaintiff. *Id.* at pg. 4.

**DEFENDANT AVDA'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED**
**COMPLAINT FOR FAILURE TO STATE A CLAIM**                          Page 2
1085943v.1

10.    Plaintiff provides no other factual allegations.  Plaintiff does not allege any relationship between himself and AVDA.

## IV.    LEGAL STANDARD

11.    Rule 12(b)(6) authorizes federal courts to dismiss a pleading for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12 (b)(6).  A Rule 12(b)(6) motion to dismiss tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

12.    Although legal conclusions can provide the framework of a complaint, they must be "supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *see id*. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." (internal quotation marks and citation omitted)).  A party's "[f]actual allegations must be enough to raise a right to relief above the speculative level … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

13.    "[T]he plaintiff must plead specific facts, not conclusory allegations, to avoid dismissal." *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006) (citing *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992))

14.    To survive a motion to dismiss, a complaint must contain sufficient facts, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotations and citations omitted).  Determining whether a complaint states a plausible claim for relief is a "context-specific" task, "requiring the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted).  While the court accepts the well pled factual allegations of the complaint as true and draws reasonable inferences in the plaintiff's favor, the

court is not required to "strain to find inferences favorable" to a plaintiff, nor does it accept as true "conclusory allegations, unwarranted deductions, or legal conclusions." *Southland Secs. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004) (internal quotation marks and citations omitted).

15.     An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citation omitted).

16.     Although courts construe pro se pleadings liberally, *see SEC v. AMX, Int'l*, Inc., 7 F.3d 71, 75 (5th Cir. 1993), an amended complaint must still specifically refer to and adopt or incorporate by reference the original complaint, *King*, 31 F.3d at 346.  Accordingly, an amended complaint which fails to refer to or adopt or incorporate by reference an original complaint renders the original complaint of no effect.

## V.     PLAINTIFF FAILS TO STATE A CLAIM AGAINST AVDA

### A.     *AVDA is not alleged to be a state actor susceptible to 42 U.S.C. § 1983.*

17.     To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

18.     The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic*, 313 U.S. 299, 326 (1941).  In *Lugar v. Edmondson Oil Co.*, the Supreme Court made clear that if a defendant's conduct satisfies the state-action requirement of the Fourteenth Amendment, "that conduct [is] also action under color of state law and will support a suit under § 1983."  457

U.S., 922, 935 (1982).  To constitute state action, "the deprivation must be caused by the exercise of some right or privilege created by the State ... or by a person for whom the State is responsible," and "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id.*, at 937.

19.     Here, Plaintiff's Amended Complaint is entirely devoid of any facts alleging AVDA is either a state actor or was clothed with the authority of state law in allegedly violating his Constitutional rights.  Additionally, Plaintiff has not plead any facts that the State was responsible for AVDA.  In fact, Plaintiff's Amended Complaint acknowledges that AVDA is a non-profit organization and not a state actor. Dkt. 11, pg. 3.

20.     Plaintiff has failed to meet the threshold matter of alleging the deprivation was committed by a person acting under color of state law.  Thus, Plaintiff has failed to state a claim for which relief can be granted and his § 1983 claim should be dismissed as to AVDA under Rule 12(b)(6).

### B.     *Plaintiff does not allege any facts to support his 42 U.S.C. § 1985(3) claim for violations of his First, Fifth, and Fourteenth Amendment rights.*

21.     42 U.S.C § 1985(3) is a statutory cause of action which allows damages to persons injured by conspiracies to deprive them of the equal protection of the laws. *Ziglar v. Abbasi*, 582 U.S. 120, 126 (2017).

22.     In order to state a cause of action under 42 U.S.C. § 1985(3), a plaintiff must allege: (1) the defendants conspired, (2) for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) one or more of the conspirators committed some act in furtherance of the conspiracy; whereby (4) another is injured in his person or property or deprived of having and exercising any right or privilege of a citizen of the United States; and (5) the action of the

conspirators is motivated by a racial animus. *Wong v. Stripling*, 881 F.2d 200, 203 (5th Cir. 1989); s*ee United Brotherhood of Carpenters & Joiners v. Scott*, 463 U.S. 825 (1983); *Griffin v. Breckenridge*, 403 U.S. 88, 91 (1971).

23.     Here, Plaintiff's Amended Complaint alleges violations of the First, Fifth, and Fourteenth Amendments. Dkt. 11.

> **1.     *Plaintiff's alleged violations of his First and Fourteenth Amendment Rights should be dismissed as Plaintiff failed to allege any state action by AVDA.***

24.     42 U.S.C § 1985(3) does not create a cause of action for purely private violations of the First or Fourteenth Amendments. *United Brotherhood of Carpenters & Joiners of America, Local 610, AFL–CIO, et al. v. Scott et al.*, 463 U.S. 825, 831 (1983).

25.     Importantly, although § 1985(3) can apply to purely private conspiracies, the application of § 1985(3) to a private conspiracy requires a showing of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S., at 102.

26.     Plaintiff alleges AVDA violated § 1985(3) when Co-Defendant Stalder, a member of AVDA, failed to "disclose or isolate herself from Bellows' representation" after Plaintiff allegedly made AVDA aware of a conflict with Stalder's representation of Bellows. Dkt. 11, pg. 8.  Plaintiff alleges Ms. Bellows' email indicating communications between herself and AVDA demonstrates "an agreed objective and overt acts coordinated after explicit notice of conflict." *Id.*

27.     Plaintiff did not make any allegations that either AVDA or Co-Defendant Stalder were acting either as state actors or on behalf of the state.  Plaintiff did not plead any facts to establish some racial, class-based, or otherwise invidiously discriminatory animus behind AVDA's alleged private conspiracy.  Plaintiff did not allege any facts that AVDA and Co-Defendant Stalder exchanged any communications regarding the alleged private conspiracy.

Additionally, Plaintiff did not allege any facts that AVDA returned correspondence to Ms. Bellows after she indicated she would email AVDA regarding her case.

28.    Plaintiff, as explained above, failed to allege any facts to establish any state action by AVDA regarding the alleged conspiracy.  Additionally, Plaintiff failed to allege any facts that AVDA conspired with any party resulting in his alleged damages.

29.    Since Plaintiff failed to plead facts sufficient to establish AVDA was a state actor, his § 1985(3) claim for violation of his First and Fourteenth Amendment rights should be dismissed under Rule 12(b)(6) since § 1985(3) does not create a private cause of action for violations of these specific rights.

30.    Alternatively, should this Court determine that § 1985(3) does apply to Plaintiff's alleged private conspiracy claim against AVDA for violations of his First and Fourteenth Amendment rights, then this Court should still dismiss Plaintiff's § 1985(3) claim as he failed to allege any facts that AVDA was motivated by race, class, or some other invidiously discriminatory animus in perpetuating the alleged private conspiracy.

### 2.    *Plaintiff's alleged violations of his Fifth Amendment Rights should be dismissed as § 1985(3) does not create a private cause of action.*

31.    It was established long ago that the Fifth Amendment applies to and restricts only the activities of the federal government and not those of private persons. *See, e. g., Public Utilities Comm'n v. Pollak*, 343 U.S. 451, 72 S.Ct. 813, 96 L.Ed. 1068 (1952).  The Southern District of Texas has declared that where there is no federal action, the protections of the Fifth Amendment do not arise. *Heiskala v. Johnson Space Center Federal Credit Union*, 474 F. Supp. 448 (S.D.Tex.1979).

32.    Importantly, § 1985(3) does not give a cause of action for a conspiracy the purpose of which is to deny due process. *Dunn v. Gazzola*, 216 F.2d 709 (1st Cir. 1954); *Shore v. Howard*, 414 F. Supp. 379 (N.D.Tex.1976); *Bryant v. Harrelson*, 187 F. Supp. 738 (S.D.Tex.1960).

33.    Additionally, private conspiracies to deprive a person of the equal protection of the laws have to be motivated by a racial or otherwise class-based animus for an action under § 1985(3) to lie. *Griffin v. Breckenridge*, 403 U.S. 88, 91 (1971).

34.    Since Plaintiff failed to plead facts sufficient to establish AVDA was a state actor, his § 1985(3) claim for violation of his Fifth Amendment rights should be dismissed under Rule 12(b)(6) since § 1985(3) does not create a private cause of action for violations of Fifth Amendment rights.

35.    Alternatively, should this Court determine that § 1985(3) does apply to Plaintiff's alleged private conspiracy claim against AVDA for violations of his Fifth Amendment rights, then this Court should still dismiss Plaintiff's § 1985(3) claim as he failed to allege any facts that AVDA was motivated by race, class, or some other invidiously discriminatory animus in perpetuating the alleged private conspiracy.

### C.    *Plaintiff fails to plead sufficient facts to support a breach of fiduciary duty claim.*

36.    Plaintiff's Amended Complaint is not clear regarding the alleged fiduciary relationship between himself and any of the Defendants that was breached.  However, AVDA's understanding of Plaintiff's allegations is that Co-Defendant Stalder was the judge who oversaw Plaintiff's separate legal proceeding. Dkt. 11, pg. 7.  Plaintiff alleges AVDA then took on the representation of Ms. Bellows in a second legal proceeding while Co-Defendant Stalder was the managing attorney of AVDA. *Id.*  Plaintiff now alleges that Co-Defendant Stalder owed him a duty of confidentiality such that AVDA's representation of Ms. Bellows resulted in a conflict. *Id.*

Plaintiff claims AVDA's continued representation of Ms. Bellows is a breach of fiduciary duty owed to him. *Id.*

37.     The elements of a breach-of-fiduciary-duty claim are: (1) a fiduciary relationship between the plaintiff and defendant; (2) the defendant must have breached his fiduciary duty to the plaintiff; and (3) the defendant's breach must result in injury to the plaintiff or benefit to the defendant. *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex. App.–Dallas 2006, pet. denied).

38.     Texas law recognizes two types of fiduciary relationships.  The first, a formal fiduciary relationship, "arises as a matter of law and includes the relationships between attorney and client, principal and agent, partners, and joint venturers." *Stephanz v. Laird*, 846 S.W.2d 895, 901 (Tex. App.-Houston 1993, pet. denied). (quoting *Abetter Trucking Co. v. Arizpe*, 113 S.W.3d 503, 508 (Tex. App.-Houston [1st Dist.] 2003, no pet.)).  The second, an informal fiduciary relationship, may arise in the context of informal moral, social, domestic, or personal relationships in which one person trusts and relies on another.

39.     Plaintiff's Amended Complaint does not contain any facts to establish a fiduciary relationship, either formal or informal, existed either between himself and AVDA, or himself and Co-Defendant Stalder.

40.     Plaintiff cites to *Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp.*, 823 S.W.2d 591 (Tex. 1992) in support of his assertion that a fiduciary relationship existed between he and Defendants.  However, this case addressed the potential fiduciary relationship between a franchisee and franchisor, not the relationship between a litigant and judge or opposing counsel. *Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp.*, 823 S.W.2d 591, 592 (Tex. 1992).

41.     Plaintiff also cites to *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193 (Tex. 2002) to support his breach of fiduciary claim.  However, this case addressed the potential

relationship between a legal associate and his former law firm, not the relationship between a litigant and judge or opposing counsel. *Johnson v. Brewer & Pritchard, P.C.,* 73 S.W.3d 193, 196 (Tex. 2002)

42.     Lastly, Plaintiff cites to the Texas Code of Judicial Conduct in support that a fiduciary relationship existed between himself and Defendants.  Counsel for AVDA has been unable to identify a single case, state or federal, that supports the proposition that the Texas Code of Judicial Conduct creates a fiduciary duty between litigants and a judge or opposing counsel.

43.     Thus, since Plaintiff failed to allege any facts to establish a fiduciary relationship existed between himself and Defendants, Plaintiff's claim for breach of fiduciary duty should be dismissed pursuant to Rule 12(b)(6).

### D.     *Plaintiff fails to plead sufficient facts to support a negligent supervision claim.*

44.     Plaintiff's Amended Complaint alleges AVDA negligently supervised Co-Defendant Stalder when she remained in a position of influence while AVDA continued to aid Plaintiff's adversary. Dkt. 11, pg. 9.

45.     To allege a claim of negligent supervision, a plaintiff must claim (1) the defendant owed plaintiff a legal duty to supervise its employees; (2) the defendant breached that duty; and (3) that breach proximately caused his injuries. *See Morris v. JTM Materials*, 78 S.W.3d 28, 49 (Tex. App.-Fort Worth 2002, no pet.).

46.     Here, Plaintiff has not alleged any facts to establish Defendants owed him any legal duty to supervise its employees.  Plaintiff's complaint appears to arise out of his belief that AVDA and Co-Defendant Stalder were precluded from representing Ms. Bellows in an action against Plaintiff.   However, as previously explained, Defendants were under no legal duty to take Plaintiff's desired action.  Additionally, Plaintiff has not alleged any facts regarding how any alleged negligent supervision proximately caused his injuries.

**DEFENDANT AVDA'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED**
**COMPLAINT FOR FAILURE TO STATE A CLAIM**                                              Page 10
1085943v.1

47.     Accordingly, Plaintiff's claim for negligent supervision should be dismissed pursuant to Rule 12(b)(6).

### E.     *Plaintiff's claim for conflict of interest is not a recognized independent cause of action in Texas.*

48.     Plaintiff alleges Defendant's conduct violated a conflict of interest and demonstrated "retaliatory intent." Dkt. 11, pg. 9. Plaintiff's allegation appears to stem from an alleged breach of fiduciary duty owed to him by Co-Defendant Stalder when AVDA continued to represent Ms. Bellows.

49.     In Texas, a breach of conflict of interest does not generally constitute an independent cause of action separate from professional negligence. Texas law does not recognize "conflict of interest" as a stand-alone cause of action. "Characterizing conduct as a ... 'conflict of interest' does not alone transform what is really a professional negligence claim into ... a breach-of-fiduciary-duty claim." *Murphy v. Gruber*, 241 S.W.3d 689, 698 (Tex. App.-Dallas 2007, pet. denied).

50.     To the extent Plaintiff's claim for "conflict of interest" constitutes professional or ordinary negligence, Plaintiff has failed to plead sufficient facts to support such claims.

51.     Accordingly, Plaintiff's claim should be dismissed pursuant to Rule 12(b) (6).

## VI.     CONCLUSION & PRAYER

52.     Plaintiff brought multiple federal and state claims against AVDA in his First Amended Complaint. However, each and every one of Plaintiff's claims failed to state sufficient facts to support them.

53.      Because Plaintiff has not sufficiently pleaded his federal and state claims, Plaintiff's First Amended Complaint should be dismissed in its entirety.

**WHEREFORE, PREMISES CONSIDERED**, Defendant AVDA prays that upon final hearing of this Motion, said Motion be sustained in all respects, Plaintiff's claims and causes of action against AVDA be dismissed, and that AVDA obtains such other and further relief, either at law or in equity, to which it may be justly entitled.

Respectfully submitted,

By:   */s/ R. Douglas Rees*     

**R. DOUGLAS REES**
State Bar No. 16700600
Doug.Rees@cooperscully.com

**COOPER & SCULLY, P.C.**
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: 214-712-9500
Facsimile: 214-712-9540

**ATTORNEYS FOR DEFENDANT
AVDA**

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of April, 2025, in accordance with the Federal Rules of Civil Procedure, a true and correct copy the foregoing document was filed electronically with the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Kevin Frymier
17302 Brookhollow Mist. Ct.
Houston, Texas 77084
madkevin@yahoo.com
*Plaintiff Pro Se*

Katherine M. James
THE JAMES LAW FIRM
jk@katherinejameslaw.com
1095 Evergreen Circle, Suite 537
The Woodlands, TX 77380
*Counsel for Defendant Barbara Stalder*

By:  */s/ R. Douglas Rees*

**R. DOUGLAS REES**