United States District Court
Southern District of Texas

**ENTERED**

May 13, 2025

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| Kevin Frymier, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 4:25-cv-00442 |
| v. | § | |
| | § | |
| Aid to Victims of Domestic Abuse | § | |
| (AVDA) and Barbara Stalder, | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## MEMORANDUM, RECOMMENDATION, AND ORDER

This suit stems from a state court proceeding where Defendant Aid to Victims of Domestic Abuse ("AVDA"), a non-profit organization, allegedly represented a litigant against Plaintiff Kevin Frymier. Defendant Barbara Stalder is a managing attorney at AVDA. *See* Dkt. 8 at 2. Stalder and AVDA filed separate motions to dismiss Frymier's claims under Fed. R. Civ. P. 12(b)(6). Dkt. 10, 19. After carefully considering the motions, Frymier's responses, Dkt. 12, 18, and the applicable law, it is recommended that the motions be granted. It is further ordered that the May 16, 2025 initial conference (Dkt. 23) is canceled.

## Background

Frymier is (or was) involved in a state court case opposite Taren Bellows. Stalder and AVDA allegedly coordinated Bellows's legal support. *See* Dkt. 11 at 5. According to Frymier, Stalder is a former judge who presided over a prior case involving Frymier, during which he claims Stalder was sanctioned for judicial misconduct. *See id.* at 3, 6.

Frymier chiefly complains that Stalder's judicial role in Frymier's previous case precluded both Stalder and AVDA from assisting Ms. Bellows in the second suit. According to Frymier, he served AVDA with "formal notices of conflict and retaliation," but AVDA made "no effort to investigate or recuse," and Stalder did not "isolate herself" from representing Bellows against Frymier. *See id.* at 8. Frymier alleges, in conclusory fashion, that Stalder "used her influence and position within AVDA to act against Plaintiff's interest." *See id.* at 5.

Frymier sued AVDA and Stalder on January 30, 2025, alleging a due process violation and civil conspiracy under 42 U.S.C. § 1983, conspiracy under 42 U.S.C. § 1985(3), breach of fiduciary duty, and negligent supervision. Dkt. 1 at 4-5. Stalder filed a motion to dismiss Frymier's claims under Fed. R. Civ. P. 12(b)(6). Dkt. 10. In addition to responding to that motion, Dkt. 12, Frymier filed an amended complaint, alleging a due process violation under 42 U.S.C.

§ 1983, civil conspiracy under 42 U.S.C. § 1985(3), breach of fiduciary duty,

negligent supervision, and "ethical conflict and retaliation," Dkt. 11 at 5-10.

AVDA filed a motion to dismiss Frymier's claims under Rule 12(b)(6),

Dkt. 19, and Frymier responded, Dkt. 18.[1] The motions to dismiss are ripe for

review.

## Legal standard

Dismissal under Rule 12(b)(6) is warranted if a party fails "to state a

claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a

Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a

claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (citing *Twombly*, 550 U.S. at 556).

"Threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Rather,

"[t]he complaint (1) on its face (2) must contain enough factual matter (taken

---

[1] AVDA's original motion to dismiss was incomplete. *See* Dkt. 16 (April 18 motion, containing first two pages only). Frymier responded before AVDA filed its complete motion, Dkt. 19 (April 21 motion), but it is apparent from his response—which addresses all the issues raised in the motion—that he had been served with the complete version. *See* Dkt. 18 (April 18 response).

as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *See Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (analyzing *Twombly*, 550 U.S. at 555-56). When resolving a Rule 12(b)(6) motion, the court "accept[s] all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiffs." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quotation omitted).

Pro se pleadings are liberally construed. *Butler v. S. Porter*, 999 F.3d 287, 292 (5th Cir. 2021) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). But "regardless of whether the plaintiff is proceeding pro se or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Prescott v. UTMB Galveston Tex.*, 73 F.4th 315, 318 (5th Cir. 2023) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)); *see also Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) ("[P]ro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level.").

## Analysis

### I.    Frymier has not stated a cognizable claim under § 1983.

The amended complaint does not adequately allege that Stalder or AVDA acted under color of law at the time of the alleged violation of Frymier's rights. Frymier's Section 1983 claim therefore fails.

4

"To state a cause of action under section 1983 the [plaintiff] must allege that the person who deprived him of a federal right was acting under color of law." *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004) (citing *Cinel v. Connick,* 15 F.3d 1338, 1342 (5th Cir.1994)). A non-state actor may be liable under Section 1983 if the private citizen was a "willful participant in joint activity with the State or its agents." *See id.* (citing *Cinel,* 15 F.3d at 1343). To state such a claim, the plaintiff must allege: "(1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights." *See id.* (citing *Cinel,* 15 F.3d at 1343).

AVDA and Stalder argue, and the Court agrees, that Frymier's amended complaint fails to indicate that either AVDA or Stalder was a state actor during the events giving rise to this claim. *See* Dkt. 19 at 5; Dkt. 10 at 2. The complaint describes AVDA as "a nonprofit organization" and Stalder as a "former judge" and "[a]ttorney." *See* Dkt. 11 at 3. Frymier's responses fail to address this deficiency. *See* Dkt. 18 at 2 (Frymier's response to AVDA's motion, describing Stalder as "a former judge"); Dkt. 12 at 1-2 (Frymier's response to Stalder's motion, alleging Stalder was "a former judge" but "acted under color of law," without specifics). Frymier's § 1983 claim should be dismissed with prejudice, without leave to amend.

## II.    Frymier has not stated a cognizable claim under § 1985(3).

Section 1985(3) creates a cause of action for one deprived of "equal protection of the laws" or "any right or privilege of a citizen of the United States" by a conspiracy.  42 U.S.C. § 1985(3); *see also Ziglar v. Abbasi*, 582 U.S. 120, 150 (2017).  In order to state a cause of action under this section, a plaintiff must allege: "1) the defendants conspired 2) for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and 3) one or more of the conspirators committed some act in furtherance of the conspiracy; whereby 4) another is injured in his person or property or deprived of having and exercising any right or privilege of a citizen of the United States; and 5) the action of the conspirators is motivated by a racial animus." *Wong v. Stripling*, 881 F.2d 200, 202-03 (5th Cir. 1989) (citing *United Bhd. of Carpenters & Joiners v. Scott,* 463 U.S. 825 (1983); *Griffin v. Breckenridge,* 403 U.S. 88 (1971)).

Frymier's amended complaint alleges general violations of the First, Fifth, and Fourteenth Amendments.  Dkt. 11 at 2.  Under Section 1985(3), "'when the alleged conspiracy is aimed at a right that is by definition a right only against state interference,' the plaintiff must prove state involvement." *Wong*, 881 F.2d at 203 (citing *Scott,* 463 U.S. at 833).  AVDA argues, correctly, that Frymier's failure to plead that either AVDA or Stalder is a state actor—

as discussed above—invalidates his Section 1985(3) claims because First-, Fifth-, and Fourteenth-Amendment rights are "by definition … only against state interference." *See id.*; Dkt. 19 at 6-8; *see also Scott*, 463 U.S. at 831-33 (finding a First- or Fourteenth-Amendment violation supports a Section 1985(3) claim only where state action is involved); *Grossling v. Ford Mem'l Hosp.*, 614 F. Supp. 1051, 1057 (E.D. Tex. 1985) (same conclusion for due process, citing *Scott*, 463 U.S. at 832-33).

The absence of any allegations regarding racial animus is also fatal to this claim. The Fifth Circuit has held that "the only conspiracies actionable under section 1985(3) are those motivated by racial animus." *Cantu v. Moody*, 933 F.3d 414 (5th Cir. 2019) (collecting cases); *see also Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 271 (5th Cir. 2001) (affirming dismissal of § 1985(3) claim where the plaintiff "has alleged no racial animus"). Yet here, Frymier's allegations only maintain that Stalder's prior role as a judge in another Frymier-related case precluded her involvement, and by association AVDA's involvement, in the underlying civil dispute. That has nothing to do with race-based animus. Nor does Frymier indicate that he has any such allegations that could satisfy § 1985(3)'s requirements. *See* Dkt. 18 at 2. His Section 1985(3) claim is barred. Leave to amend would be futile.

### III.  Frymier failed to state a plausible claim for breach of fiduciary duty.

Frymier's amended complaint also maintains that Stalder's position as a "former judge retain[ing] influence over legal processes involving" Frymier created duties of "confidentiality, impartiality, and non-retaliation."  *See* Dkt. 11 at 8; *see also* Dkt. 18 at 2 (claiming that Stalder's "dual roles (as prior judge and AVDA legal director) created a fiduciary obligation not to harm Plaintiff's interest").  AVDA and Stalder argue that Frymier fails to allege sufficient facts to show a fiduciary duty between himself and AVDA or himself and Stalder. *See* Dkt. 19 at 8-10; Dkt. 10 at 3.

In Texas, "the elements of a claim for breach of fiduciary duty are (1) the existence of a fiduciary duty, (2) breach of the duty, (3) causation, and (4) damages."  *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017).  Texas law recognizes a fiduciary duty arising by law in certain formal relationships, such as attorney-client or trustee.  *See Meyer v. Cathey*, 167 S.W.3d 327, 330-31 (Tex. 2005).  An informal fiduciary duty can arise from certain "moral, social, domestic, or purely personal relationship[s] of trust and confidence."  *See id.* at 331.

The Court has found no authority, in any jurisdiction, suggesting that a judge owes a fiduciary duty to litigants in a case over which the judge presides, and for good reason.  Judges, by law, must remain impartial.  That neutrality

8

is fundamentally incompatible with imposing a fiduciary duty that would require a judge to act in the best interests of one party over others in the same case. *Compare with, e.g., Chu v. Hong*, 249 S.W.3d 441, 446 (Tex. 2008) (explaining an attorney's "fiduciary duty to further the best interests of his clients"), *and Duty*, Black's Law Dictionary (12th ed. 2024) (defining "fiduciary duty" to include "a duty to act with the highest degree of honesty and loyalty toward another person and in the best interests of the other person").

The Court thus agrees with AVDA and Stalder that there is no basis for asserting that Stalder owes a fiduciary duty to Frymier. *See* Dkt. 19 at 9-10; Dkt. 10 at 3. Frymier's breach-of-fiduciary-duty claim fails as a matter of law.

## IV.    Frymier's negligent supervision claim is not cognizable.

Frymier's amended complaint alleges that AVDA failed to supervise Stalder, its managing attorney, despite written notice of a conflict of interest in representing Frymier's litigation opponent. *See* Dkt. 11 at 9; *see also* Dkt. 18 at 2 (Frymier's response to AVDA's motion, arguing the same); Dkt. 12 at 2 (Frymier's response to Stalder's motion, same). AVDA and Stalder argue that Frymier's allegations fail to satisfy at least one element of negligent supervision. Dkt. 19 at 10; Dkt. 10 at 3-4.

Negligent supervision is a negligence cause of action based on an employer's direct negligence rather than on vicarious liability. *See Dangerfield v. Ormsby*, 264 S.W.3d 904, 912 (Tex. App.—Fort Worth 2008, no pet.). "The

9

elements of a negligence action are duty, a breach of that duty, and damages proximately caused by the breach." *Id.* "To establish a claim for negligent supervision, a plaintiff must show that an employer's failure to supervise its employees caused his injuries." *Id.* at 913 (citing *Knight v. City Streets, L.L.C.,* 167 S.W.3d 580, 584 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

To support his claim, Frymier cites a Texas case for the claimed proposition that an "employer may be liable for negligent supervision of an attorney."[2]  *See* Dkt. 11 at 5 (citing *Brown v. Swett & Crawford of Tex., Inc.,* 178 S.W.3d 373, 383 (Tex. App.—Houston [1st Dist.] 2005, no pet.)).  But *Brown* addressed a dispute between an insurance brokerage company and its employee, not an attorney.  *See Brown*, 178 S.W.3d at 376.  More importantly, *Brown* rejected the negligent supervision claim because the plaintiff could not prove "that the employee committed an *actionable tort against the plaintiff.*" *See id.* at 384 (citing *Castillo v. Gared, Inc.,* 1 S.W.3d 781, 786 (Tex. App.— Houston [1st Dist.] 1999, pet. denied)) (emphasis added).

---

[2] Two cases Frymier cites repeatedly to support his negligent-supervision claim—one of which Stalder also cites—do not exist. *See* Dkt. 11 at 5, 9 (citing *Doe v. Yatsko,* 946 F.3d 955 (5th Cir. 2020), and *Wasson v. Sonoma College,* 4 S.W.3d 559 (Tex. App.—Houston [1st Dist.] 1999)); Dkt. 18 at 2 (citing *Doe* and *Wasson*); Dkt. 12 at 2 (citing *Wasson*); Dkt. 10 at 4 (Stalder's motion, citing *Wasson*).  The Court cautions Mr. Frymier and Ms. Stalder that parties must carefully review their filings and ensure that they are supported by existing law, based on a reasonable inquiry. *See* Fed. R. Civ. P. 11(b).  Citing fabricated case law falls short of that standard.

The same defect is apparent here because Frymier has not articulated an actionable tort against Stalder.  As concluded above, Frymier cannot show that Stalder breached a fiduciary duty to him.  *See supra* Part III.  And even if conflicts-of-interest provisions of the Texas Disciplinary Rules of Professional Conduct limit Stalder's participation in the second case, as Frymier believes, *see* Dkt. 11 at 3; Dkt. 18 at 3, a claimed "[v]iolation of a rule does not give rise to a private cause of action ...."  Tex. Disciplinary R. Prof. Conduct, preamble ¶ 15, *available at* https://perma.cc/ZCF5-3SJC.  This means Frymier cannot use the Disciplinary Rules to assert that Stalder committed negligence or another tort.[3]  *See, e.g.*, *Malone v. Abraham, Watkins, Nichols & Friend*, 2004 WL 1120005, at *4 (Tex. App.—Houston [1st Dist.] May 20, 2004, no pet.) (holding "the State Bar Rules are not enforceable through the appellants' negligence claim.") (citing that conclusion in *Judwin Props., Inc. v. Griggs, & Harrison, P.C.*, 981 S.W.2d 868, 870 (Tex. App.—Houston [1st Dist.] 1998, no pet.)).  The lack of any actionable tort claim against Stalder defeats Frymier's negligent supervision claim against AVDA.

---

[3] The case that Frymier cites does not support his proposition that the Disciplinary Rules create duties that he can enforce.  *See* Dkt. 18 at 3 (citing *State Bar of Tex. v. Kilpatrick*, 874 S.W.2d 656 (Tex. 1994)).  *Kilpatrick* involved a State Bar disciplinary action against an attorney—not a suit by a private party.  *See Kilpatrick*, 874 S.W.2d at 657.

## V.    Conflict of interest and retaliation are not cognizable standalone claims.

Frymier's amended complaint seems to allege that Defendants retaliated against his conflict-of-interest notice by refusing to withdraw from the case. *See* Dkt. 11 at 9.  AVDA and Stalder argue, and Frymier does not dispute, that there is no independent cause of action for "conflict of interest."  *See* Dkt. 19 at 11; Dkt. 10 at 3.  Instead, Frymier asserts that conflict-of-interest principles provide the "factual bases" for his constitutional claims.  Dkt. 18 at 2-3; *see also* Dkt. 12 at 2.  As concluded above, however, the constitutional claims are barred, as a matter of law.  *See supra* Parts I-II.  And as also explained, Frymier misplaces reliance on the Texas Disciplinary Rules of Professional Conduct, which are not enforceable through private-party suits.  *See supra* Part IV.  The asserted conflict of interest does not provide a basis for relief in this suit.

Because Frymier cannot recover on any of his claims, leave to amend would be futile.  This Court should grant Defendants' motions to dismiss.

## Recommendation and Order

For the foregoing reasons, it is **RECOMMENDED** that Defendant Aid to Victims of Domestic Violence's motion to dismiss (Dkt. 19) and Defendant Barbara Stalder's motion to dismiss (Dkt. 10) be **GRANTED**.

It is further **RECOMMENDED** that Plaintiff Kevin Frymier's claims against both Defendants be **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the initial conference scheduled for May 16, 2025 (Dkt. 23), is **CANCELED**.

The Clerk of Court is directed to send a copy of this Memorandum, Recommendation, and Order to Plaintiff by email and regular mail to his record addresses.

**The parties have fourteen days from service of this Report and Recommendation to file written objections.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.  *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on May 13, 2025, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge