**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF TEXAS**

**HOUSTON DIVISION**

United States Courts
Southern District of Texas
F I L E D

MAY 2 7 2025

Nathan Ochsner, Clerk of Court

Kevin Frymier, )
)
Plaintiff, )
)
v. ) Case No. [4:25-cv-00442]
)
Aid to Victims of Domestic Abuse (AVDA), and )
Barbara Stalder, )
)
Defendants. )
————————————————————————)

**PLAINTIFF'S OBJECTION TO MEMORANDUM, RECOMMENDATION AND ORDER**

## Contents

1    The MRO erred by concluding that Frymier has not stated a cognizable claim under § 1983. .......................2
    A.    The MRO Misapplies § 1983 by Ignoring the Doctrine of Functional State Action. ...................................2
    B.    The MRO Overlooks that Conflict of Interest and Retaliation Are Core Due Process Violations ..............3
2    The MRO erred by concluding that Frymier has not stated a cognizable claim under § 1985(3)....................3
    A.    The MRO Wrongly Dismisses § 1985(3) Conspiracy Despite Plausible Class-Based Animus........................3
3    The MRO erred by concluding that Frymier failed to state a plausible claim for breach of fiduciary..............4
    A.    Fiduciary Duty Exists Based on Judicial Trust Relationship and Ethical Breach .........................................4
4    The MRO erred by concluding that Frymier's negligent supervision claim is not cognizable. .......................5
    A.    AVDA's Liability is Not Just Negligent Supervision—It is Ratification. ........................................................5
5    The MRO erred by concluding that Frymier's negligent supervision claim is not cognizable. ......................5
6    Conclusion and Prayer for Relief ..................................................................................................................5

TO THE HONORABLE JUDGE OF SOUTHERN DISTRICT OF TEXAS:

COMES NOW, Plaintiff, Kevin Frymier ("Frymier"), respectfully submits this objection to the Magistrate Judge's Memorandum, Recommendation, and Order ("MRO") entered May 13, 2025 (Dkt. 24), under 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. For the reasons stated below, the MRO should be vacated in its entirety.

1   The MRO erred by concluding that Frymier has not stated a cognizable claim under § 1983.

A. The MRO Misapplies § 1983 by Ignoring the Doctrine of Functional State Action.

1.      The MRO erroneously concludes that AVDA and Stalder did not act under color of state law. This ignores well-established precedent holding that private actors may be liable under § 1983 where their conduct is fairly attributable to the state. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982); Dennis v. Sparks, 449 U.S. 24, 28 (1980).

2.      Barbara Stalder, previously sanctioned for misconduct while presiding over Plaintiff's family court matter, returned as an attorney for Plaintiff's opposing party in a substantially related proceeding. By utilizing the influence, knowledge, and institutional familiarity gained through her former judicial office—and acting under AVDA's authority—Stalder assumed a functional role in manipulating the judicial process. This conduct transcends ordinary private advocacy. It constitutes functional state action because it derives its power and coercive effect from her prior position as a judge. See West v. Atkins, 487 U.S. 42, 50 (1988).

3.      The resulting harm was not theoretical. It was concrete, severe, and irreversible. Plaintiff was forced to litigate against an opponent shielded by judicial privilege and institutional protection. This deliberate structural distortion of legal process is precisely what the Due Process Clause prohibits.

B. The MRO Overlooks that Conflict of Interest and Retaliation Are Core Due Process Violations

4.      The MRO states that conflict of interest and retaliation are not cognizable claims. That assertion directly contradicts the Supreme Court's holding in Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009), where the Court found that due process is violated when there is a "serious risk of actual bias," including from prior personal or institutional entanglements.

5.      This case presents far more than mere risk: a former judge, sanctioned in Plaintiff's prior case due to his complaint, actively engaged as opposing counsel through an organization with institutional power. Plaintiff filed timely written objections to both AVDA and the court. His objections were ignored. The result was a retaliatory scheme, carried out under color of institutional legitimacy. Such retaliation for protected petitioning activity is also prohibited under the First Amendment. See Hartman v. Moore, 547 U.S. 250, 256 (2006).

6.      The MRO's failure to connect these core facts to constitutional claims reflects a misapplication of law and a disregard of binding precedent.

2  The MRO erred by concluding that Frymier has not stated a cognizable claim under § 1985(3).

A. The MRO Wrongly Dismisses § 1985(3) Conspiracy Despite Plausible Class-Based Animus

7.      The MRO's reading of § 1985(3) is unduly narrow. While some Fifth Circuit cases have emphasized racial animus, the Supreme Court in Griffin v. Breckenridge, 403 U.S. 88, 102 (1971), expressly stated that "perhaps otherwise class-based, invidiously discriminatory animus" is actionable.

8.      Plaintiff fits within such a class. He is a whistleblower who reported judicial misconduct and was subsequently targeted by that very judge—this time acting as opposing counsel. Defendants weaponized legal proceedings to retaliate against him for protected activity. This is not a generalized grievance. It is a pattern of conduct undertaken by aligned actors with institutional power, aimed at depriving Plaintiff of equal protection under the law.

9.      To reject this claim is to declare open season on those who hold officials accountable. That interpretation contradicts the purpose of § 1985(3), which is designed to prevent private conspiracies from undermining constitutional rights through coordinated abuse of law.

3   The MRO erred by concluding that Frymier failed to state a plausible claim for breach of fiduciary.

A. Fiduciary Duty Exists Based on Judicial Trust Relationship and Ethical Breach

10.     The MRO finds that no fiduciary relationship existed. This MRO overlooks controlling Texas law recognizing that fiduciary obligations can arise from informal relationships involving trust and confidence. See Meyer v. Cathey, 167 S.W.3d 327, 331 (Tex. 2005).

11.     Stalder was not a stranger to Plaintiff. She was his judge. She was sanctioned for misconduct in his case. Plaintiff was entitled to expect she would not later use her prior knowledge and authority against him in an adversarial capacity. By doing so, Stalder breached both ethical and legal standards. Her conduct violated not only the appearance of propriety but the integrity of the judicial process itself.

4   The MRO erred by concluding that Frymier's negligent supervision claim is not cognizable.

A. AVDA's Liability is Not Just Negligent Supervision—It is Ratification.

12.     AVDA did not simply fail to supervise; it actively ratified Stalder's conduct. Plaintiff notified AVDA in writing of the conflict and of Stalder's prior sanction. AVDA ignored this warning and allowed Stalder to proceed.

13.     This transforms the claim from one of negligence to one of institutional ratification. See Monell v. Department of Social Services, 436 U.S. 658 (1978). AVDA's actions—or knowing inaction—represent institutional endorsement of unconstitutional conduct. It is legally responsible.

5   The MRO erred by concluding that Frymier's negligent supervision claim is not cognizable.

14.     The MRO recommends dismissal with prejudice without affording Plaintiff the opportunity to amend. This violates the Federal Rules and long-standing Fifth Circuit precedent. See Brewster v. Dretke, 587 F.3d 764, 767–68 (5th Cir. 2009); Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998).

15.     At this stage—where Plaintiff has not yet been granted leave to respond to judicial analysis—dismissal with prejudice is categorically improper. Plaintiff is prepared to amend his complaint to further clarify factual allegations and legal theories, if permitted. To deny that opportunity would deny him access to a meaningful legal forum, violating the principles of fairness, participation, and due process.

6   Conclusion and Prayer for Relief

16.     This case is not about technicalities—it is about safeguarding the rule of law. If a former judge sanctioned for misconduct can use institutional connections to retaliate

against a complainant without consequence, then every citizen's constitutional rights are diminished.

17.    For these reasons, Plaintiff respectfully requests that this Court:

- Vacate the Magistrate Judge's Memorandum, Recommendation, and Order in full;
- Deny Defendants' motions to dismiss;
- Alternatively, grant Plaintiff leave to file a Amended Complaint.

Respectfully submitted,

/s/ Kevin Frymier

Kevin Frymier
17302 Brookhollow Mist Court
Houston, TX 77084
madkevin@yahoo.com
281-797-8437
Pro Se Plaintiff

CERTIFICATE OF SERVICE

I, Kevin Frymier, hereby certify that I have served the forgoing document on all counsels and/or pro se parties of record in a manner authorized by Federal Rule of Civil Procedure 5(b)(2) On (May 27, 2025).

/s/ Kevin Frymier

Kevin Frymier
17302 Brookhollow Mist Court
Houston, TX 77084
madkevin@yahoo.com
281-797-8437
Pro Se Plaintiff